IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARK CRUMPACKER, | ) | |
| | ) | Case No. 1:16-cv-01053 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CAROLINE CIRAOLO-KLEPPER; | ) | |
| MICHAEL MARTINEAU; | ) | |
| MARK J. LANGER; | ) | |
| COMM'R., INTERNAL REVENUE; | ) | |
| UNITED STATES ATTORNEY GENERAL; | ) | |
| and | ) | |
| 2 UNKNOWN-NAMED IRS/DOJ | ) | |
| ATTORNEYS, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Counterclaim Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARK CRUMPACKER, | ) | |
| MICHAEL B. ELLIS, and | ) | |
| ROBERT A. MCNEIL | ) | |
| | ) | |
| Counterclaim Defendants. | ) | |
| _____ | ) | |

**UNITED STATES' MEMORANDUM OF LAW IN SUPPORT OF
<u>MOTION FOR PERMANENT INJUNCTION</u>**

**Table of Contents**

Introduction ........................................................................................................................... 1

Statement of Facts ................................................................................................................. 2

    1.     Ellis and McNeil filed frivolous *pro se* lawsuits ......................................................... 2

    2.     Ellis and McNeil have encouraged and assisted others, including Crumpacker, to file identical, frivolous lawsuits against the United States, federal employees, and judicial officers ...................................................................................................................... 4

    3.     Ellis and McNeil continue to file more lawsuits asserting the same debunked legal theories, and are attempting to flood the courts with "thousands" of additional plaintiffs in other lawsuits ..................................................................................................................... 8

I.    AN INJUNCTION REQUIRING THE COUNTERCLAIM DEFENDANTS TO SEEK LEAVE OF COURT BEFORE FILING ADDITIONAL LAWSUITS IS APPROPRIATE UNDER THE COURT'S INHERENT AUTHORITY ................................................................. 9

    A.     Unless Enjoined, the Counterclaim Defendants Will Continue to File Frivolous Lawsuits that Harass and Annoy Federal Judges and Federal Employees ............................. 10

    B.     The Requested Injunction Is the Appropriate Remedy to Address the Counterclaim Defendants' Vexatious Litigation ............................................................................................. 15

II.    THE UNITED STATES IS ENTITLED TO INJUNCTIVE RELIEF UNDER SECTION 7402 TO PREVENT THE COUNTERCLAIM DEFENDANTS FROM INTERFERING WITH THE ENFORCEMENT OF THE INTERNAL REVENUE LAWS .......................................... 16

Conclusion ........................................................................................................................... 19

## Introduction

The United States brought this counterclaim against Michael B. Ellis, Robert A. McNeil, and Mark Crumpacker to permanently enjoin them from continuing to file duplicative, frivolous *pro se* actions in this Court and other district courts. Ellis, McNeil, and Crumpacker are frequent litigants in this court, having filed seven lawsuits in this district alleging that the Internal Revenue Service ("IRS"): (1) improperly labeled them as "non-filers" (*i.e.*, individuals who have failed to file their legally-required federal income tax returns), and (2) "illegally" and "criminally" prepared returns on their behalf for the purpose of assessing tax liabilities against them (what the complaints refer to as the "SFR" or "substitute for return" program). All of these actions, including the underlying action in this case, were dismissed for lack of subject matter jurisdiction. Every court, including this Court, has held that these actions are barred by the Anti-Injunction Act (26 U.S.C. § 7421).

Despite their failure to advance beyond the pleading stage, Ellis and McNeil have encouraged at least nine other individuals (including Crumpacker) to file identical frivolous lawsuits against the Commissioner of Internal Revenue, the United States Attorney General, trial attorneys from the Department of Justice, the Clerk of the D.C. Circuit Court of Appeals, and individual judicial officers in this District. They have also drafted the pleadings and declarations on behalf of the named plaintiffs in those cases, and (in many cases) filed voluminous dispositive motions, motions to certify classes, and motions for recusal. They solicit money to cover filing expenses for these lawsuits on McNeil's website. One of those cases was dismissed in 2015. Four others were consolidated with the original case in this action and dismissed for exactly the same reasons as the other previously-dismissed cases. Ellis and McNeil have nevertheless filed two new actions in which they are plaintiffs, and have assisted yet another individual plaintiff with filing a duplicative complaint in the Eastern District of California.

A nationwide injunction barring Ellis, McNeil, Crumpacker from filing additional actions without prior leave of Court is necessary.  The counterclaim defendants' continuing litigation campaign against the IRS's preparation of tax returns under Section 6020(b) of the Internal Revenue Code (26 U.S.C.) has been rejected, for the same reasons, no less than five separate times.  Moreover, the counterclaim defendants and those other litigants acting at their direction have named in these frivolous suits individual DOJ attorneys, cabinet officials, and judicial officers in this district.  In short, they are promoting a multiplicity of vexatious suits, designed to inundate the IRS, DOJ, and courts, and to harass individual executive officials and judicial officers.  And they have made clear that they will continue to do so unless enjoined.

As set forth more fully, *infra*, the requested injunction is therefore warranted under the Court's inherent authority to "protect the integrity of the courts and the orderly and expeditious administration of justice," (*Urban v. United Nations*, 786 F.2d 1497, 1500 (D.C. Cir. 1985)) and to prevent Ellis, McNeil, and others from interfering with the enforcement of the internal revenue laws.  26 U.S.C. §  7402(a).

### Statement of Facts

The facts supporting this motion for a permanent injunction are a matter of public record.  They appear in the counterclaim defendants' filings in the United States District Court for the District of Columbia in the numerous cases that they have brought in this district, or are described (and touted) on McNeil's website.  Accordingly, the United States requests that the Court take judicial notice of the relevant facts pursuant to Rule 201(c)(2) of the Federal Rules of Evidence.  A separate Request for Judicial Notice is submitted with this motion.

### 1.    Ellis and McNeil filed frivolous *pro se* lawsuits

The current flood of litigation challenging the IRS's preparation of returns under Section 6020(b) of the Internal Revenue Code for individuals who have failed to file income tax returns

(or who refuse to do so) began in 2014 with *Ellis v. Commissioner*, No. 1:14-cv-00471  In that

action – his second such civil action after a prior legal action was dismissed *sua sponte* by the

Court in 2012 – Ellis alleged that tax assessments were made against him after the IRS prepared

a return for him under Code Section 6020(b).  He argued that the preparation of what he called

"substitute for returns," does not in fact occur and is, in any event, not permitted by the Internal

Revenue Code.  He asserted claims under the Fifth Amendment and the Privacy Act.  *Ellis v.*

*Commissioner*, 67 F. Supp. 3d 325, 327 (D.D.C. 2014).  The trial court dismissed the action for

lack of subject matter jurisdiction, holding that 1) the action was barred by the Anti-Injunction

Act (26 U.S.C. § 7421) as an impermissible attempt to enjoin the assessment or collection of

taxes; 2) Ellis did not have Article III standing.  *Id.* at 332-333, 338.

Robert A. McNeil filed a nearly identical action in this district – *McNeil v.*

*Commissioner, et al.*, No. 15-cv-1288 – on August 7, 2015.  McNeil asserted claims under the

Fifth Amendment and the Administrative Procedure Act.  Again, the district court – relying on

*Ellis* – dismissed his action.  *McNeil v. Commissioner, et al.*, 179 F. Supp. 3d 1, 8 (D.D.C. 2016).

He appealed and the D.C. Circuit granted the United States' motion for summary affirmance on

January 31, 2017.  *McNeil v. Commissioner*, U.S.C.A. No. 16-5233 [Doc. No. 1658463].

Between the dismissal of Ellis' original case, and that of McNeil's, Ellis filed two more

lawsuits.  In the first follow-up lawsuit, *Ellis v. Jarvis*, No. 1:16-cv-00031 (D.D.C.) [complaint

filed January 6, 2016], Ellis again challenged the authority of the IRS to collect taxes, and sought

an injunction compelling the Department of Justice to inform grand juries of the alleged illegality

of the IRS's actions.  Again, the Court dismissed the action because the Anti-Injunction Act

precluded the requested relief, and because Ellis lacked standing.  The Court noted:

> It is undoubtedly true that many people would prefer not to pay
> taxes.  Yet the great majority of us do so as the price of living in

> civilized society.  Such a lesson seems lost on *pro se* Plaintiff
> Michael Ellis, who has waged a long-running war with the Internal
> Revenue Service to avoid filing tax returns.

No. 16-00031, 2016 WL 3072244, at * 1 (D.D.C. May 31, 2016).  On appeal to the D.C. Circuit,

the United States successfully moved for summary affirmance.  *Ellis v. Jarvis*, U.S.C.A. No. 16-

5219 [Doc. No. 1644731].

Ellis's second follow-up lawsuit – *Ellis v. Langer*, No. 1:16-cv-00729 (D.D.C.)

[complaint filed April 15, 2016] – was brought against the Commissioner of Internal Revenue,

the Attorney General of the United States, the United States Attorney for the District of

Columbia, and the Clerk of Court for the United States Court of Appeals for the D.C. Circuit.  In

that suit, Ellis alleged the dismissal of his appeal in his first case (*Ellis v. Commissioner*) denied

him his First Amendment right of access to the courts.  Again, the District Court dismissed that

action – this time, *sua sponte* – because it amounted to "nothing more than a challenge to the

Court of Appeals' decision."  *Ellis*, 2016 U.S.Dist. LEXIS 5318.  And, again, the D.C. Circuit

affirmed the district court on appeal.  *Ellis v. Langer*, U.S.C.A. 16-5214 [Doc. No. 1660201].

**2.      Ellis and McNeil have encouraged and assisted others, including
          Crumpacker, to file identical, frivolous lawsuits against the United    States,
          federal employees, and judicial officers**

Since McNeil filed his unsuccessful lawsuit, he and Ellis have (according to McNeil's

own website) "assisted in the filing of" seven other lawsuits for other plaintiffs in this judicial

district.  Request for Judicial Notice ("RJN"), Ex. A at p.2.  Each of these complaints uses the

same distinctive formatting, and attached to each complaint is a signed affidavit from McNeil.

One case, *DePolo v. Ciraolo-Klepper, et al.*, 1:15-cv-02039 (D.D.C.) [complaint filed November

18, 2015], was dismissed on July 14, 2016, for the same reasons as the suits brought by Ellis and

McNeil.  *DePolo*, 197 F. Supp. 2d 186, 190 (D.D.C. 2016). Six more cases more cases were filed

in 2016:  *Dwaileebe v. Martineau, et al.*, No. 1:16-cv-00420 [complaint filed February 29, 2016];

this case [complaint filed June 6, 2016] ; *Morris v. McMonagle, et al.*, No 1:16-cv-1384 [complaint filed June 27, 2016]; *McGarvin v. McMonagle, et al.*, No. 1:16-cv-1458 [complaint filed July 14, 2016]; *Podogorny v. McMonagle, et al.*, No. 1:16-cv-1768 [complaint filed August 30, 2016]; and *Deorio v. Ciraolo-Klepper, et al.*, No. 1:16-cv-2089 [complaint filed October 20, 2016] consolidated with the underlying complaint in this case, and dismissed.  *See* Dkt. No. 18 (October 21, 2016 Order Consolidating Case Nos 16-cv0420, 16-cv-1053, 16-cv-1384, 16-cv-1458, 16-cv-1768); Dkt. No. 25 (December 31, 2016 Order Granting United States' Motion to Dismiss).[1]  A seventh case – *Ford v. Ciraolo-Klepper, et al.*, 1:17-cv-00034 – was filed on January 12, 2017 in the United States District Court for the Eastern District of California.  All of these cases are directed at individual federal officials, including the Attorney General, the former head of the Department of Justice Tax Division, individual Tax Division attorneys, and the Commissioner of Internal Revenue.

McNeil and Ellis openly admit their involvement in bringing these lawsuits against individual federal officials, and have actively solicited that more plaintiffs file these copycat actions.  For example, in August 4, 2016 post on McNeil's website, he states:

> As you can see, in addition to the IRS Commissioner and the U.S. Attorney General (in their official capacities), the most recent Plaintiffs have begun suing DoJ attorneys and Federal Court clerks in their personal capacities, for concealing the fraud.
> There are more Plaintiffs in the queue waiting to file their cases and others are welcomed to join the Class.

---

[1] The counterclaim defendants also attempted to join these individuals as "cross-counterclaim plaintiffs" in a purported "cross-counterclaim" that was served on the United States, but was never filed.  As discussed more fully on page 18 of the United States' motion to dismiss in this action (Dkt. No. 14-1), they have identified no waiver of sovereign immunity for that cross-counterclaim, nor have they stated a claim.

RJN, Ex. B at p.1.  McNeil's post goes on to state that the lawsuits brought at his and Ellis's urging were "keeping the pressure on the Judges to do the right thing, which is to invoke their equity jurisdiction, hear these cases on the merits, and enjoin the fraud.  To date, not one judge has done so, an indication that the IRS, DoJ, court clerks, and Federal judges are acting in collusion to keep the fraud alive, allowing the IRS to continue destroying the lives of an untold number of innocent Americans in the process."  *Id.*[2]

McNeil's website also provides the following detailed description of all of the services he provides for each of the plaintiffs:

> As a retired Forensic Accountant/Auditor, I assist each Plaintiff by examining their documents, such as the Individual Master File (IMF), Account Transcript, IRS-prepared Forms 13496 and 4549, IRS letters, Notice of Deficiency, Notice of Federal Tax Lien, Notice of Levy, etc.  I then organize the relevant documents into [exhibits] which serve as the evidence that will support the Plaintiff's Original Complaint.

> After I organize the evidence, I prepare a **"Declaration and Forensic Analysis of Evidence"**, on behalf of the Plaintiff, which details my findings and conclusions for each document, based on my examination.

> When a Plaintiff files his/her lawsuit in the U.S. District Court for the District of Columbia, these the documents filed, comprising what is known as the **"Original Complaint Package"**:

> Original Complaint

> Declaration and Forensic Analysis of Evidence

---

[2] On the same blog, Ellis accuses the judges of this court of committing "crimes" by, among other things, disregarding precedent and "fabricating allegations."  He goes on to say: "Nothing proves the bankruptcy of the federal bar more clearly than watching attorneys behind federal benches conceal and prolong crimes committed under the direction of attorneys inside the IRS and DoJ." RJN, Ex. F at p. 2.

Exhibits A, B, C, D….(the Evidence)

Declaration with Evidence of IRS' Institutionalized Record Falsification Program

Item 4, entitled "Declaration with Evidence of IRS's Institutionalized Record Falsification Program" is a fairly new document that I first wrote in July 2016.

The Declaration, **which is updated, attached to, and filed with each new case**, is a powerful document that summarizes the fraud and provides evidence to the Court showing how each Plaintiff was damaged in the identical manner by the IRS' systemic and, therefore, institutionalized record falsification scheme. The 'evidence' provided with this Declaration is typically the first page of each Plaintiff's Individual Master File (IMF), which clearly demonstrates how the fraud beings. …

RJN Ex. C at pp. 2-3. The post continues to claim that "in every case, Michael [Ellis] and I spend days, nights, weekends, and holidays assisting each Plaintiff with his/her case, preparing the Original Complaint, organizing the evidence, and putting together the [Declarations]. I provide specific instructions to ensure a successful filing. When a case is dismissed in District Court, we also assist each Plaintiff in the preparation of his/her case for filing in the U.S. Court of Appeals for the District of Columbia," and requests that its readers "make a monetary donation to the cause of liberty." *Id.*

In a post dated November 15, 2016, McNeil again details his work on the (then eleven) lawsuits that had been filed in this district. He again solicits payment for the that work:

In the meantime, I am reaching out to all of you to search your hearts, and wallets, and make a generous donation to the cost of filing these lawsuits and advancing them through the court system. As pro se plaintiffs, we are required to file 12 paper copies of our documents to the Court clerk and the various other defendants/parties. Our last filing, consisting of almost 4,000 pages, cost more than $1,800 for toner cartridges, printer paper, postage and miscellaneous costs. Subsequent filings will be necessary and the costs are anticipated to be as much, if not more. If you are moved to make a donation, of any amount, please contact me here for instructions on the preferred method to do so.

RJN, Ex. D.

### 3. Ellis and McNeil continue to file more lawsuits asserting the same debunked legal theories, and are attempting to flood the courts with "thousands" of additional plaintiffs in other lawsuits

On November 18, 2016, Ellis and McNeil filed another lawsuit – *Ellis v. Jackson, et al.*, No. 1:16-cv-2313, against this Court, two other district court judges in this district, the Commissioner of Internal Revenue, the Attorney General, and the undersigned counsel.  The action – like its predecessors – purports to assert claims under the Administrative Procedure Act and the Fifth Amendment and seeks to enjoin the IRS from preparing returns with respect to non-filers. Complaint [Dkt. No. 1]  at ¶ ¶  85-93.[3]  Like the complaint in this action and in *McGarvin*, *Morris*, *Podgorny*, Ellis and McNeil's new lawsuit also asserts a First Amendment "Right of Access to Courts" claim based on this Court and other courts' dismissal of the numerous lawsuits discussed *supra*.  Complaint (Dkt. No. 1) at ¶¶  85-87.  The United States has moved to dismiss these lawsuits on the same grounds as the prior lawsuits.

On January 4, 2017, Ellis, McNeil, and Harold R. Stanley filed their most recent suit – *Stanley, et. al. v. Lynch, et al.* No. 1:17-cv-00022 – this time against former president Barack Obama, the former Attorney General, the Commissioner of Internal Revenue.  This suit raises nothing new: it seeks to enjoin the same purported "falsification program," as the other unsuccessful lawsuits.  Ellis and McNeil have also prepared a "Rule 20 Motion for Permissive

---

[3] The Complaint's constitutional claim suggests that it is also based on the Fourth Amendment. But regardless of what section of the constitution is cited in the complaint, the action is still an action to enjoin the collection and assessment of taxes and is barred by the Anti-Injunction Act. *McNeil v. Commissioner, et al.*, 179 F. Supp. 3d 1, 7 (D.D.C. 2016) ("Framing a claim that aims to restrain the assessment and collection of taxes in constitutional terms does not open the courthouse door to such claims.").

Joinder" on their website, which they have encouraged "hundreds and thousands more

[plaintiffs] to join" that action.  RJN, Ex. E at p.2.

Argument

I.    **AN INJUNCTION REQUIRING THE COUNTERCLAIM DEFENDANTS TO SEEK LEAVE OF COURT BEFORE FILING ADDITIONAL LAWSUITS IS APPROPRIATE UNDER THE COURT'S INHERENT AUTHORITY**

Federal courts have both the "inherent power and the constitutional obligation to protect

their jurisdiction from conduct which impairs their ability to carry out their Article III functions."

*Anderson v. D.C. Pub. Defender Serv.*, 881 F. Supp. 663, 666 (D.D.C. 1995) (quoting *in re*

*Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984)).  This includes the power to impose

reasonable restrictions on litigants' access to the courts when the Court makes a substantive

determination that the litigant's actions are "frivolous or harassing."  *Id.*; *See also In re Powell*,

851 F.2d 427, 431 (D.C. Cir. 1988).

The D.C. Circuit Court of Appeals mandated that district courts employ three steps

before issuing a pre-filing injunction.  First, the court "must provide notice and an opportunity to

be heard."  *Caldwell v. Obama*, 6 F. Supp. 3d 31, 50 (D.D.C. 2013).[4]  Second, the court must

"develop a record for review 'in order to further ensure that the filer's due process rights are not

---

[4] Courts in other circuits have held that the All Writs Act (28 U.S.C. § 1651) provides the authority for a court to enter a pre-filing injunction against a vexatious litigant.  The Ninth Circuit, for example, requires the same things as the D.C. Circuit: (1) notice and opportunity to be heard; (2) an adequate record; (3) substantive findings as to the frivolous or harassing nature of the litigant's actions, but also requires that the requested injunction be "narrowly-tailored." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).  The Fourth Circuit employs a four factor test, considering "(1) the party's history of litigation…(2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting forom the party's filigns; and (4) the adequacy of alternative sanctions."  *Cromer v. Kraft Foods North Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004).

violated.'" *Caldwell*, 6 F. Supp. 3d at 50.  Finally, the court must "make substantive findings as to the frivolous or harassing nature of the litigant's actions." *Id.*

This Court has the inherent authority to enjoin – and should enjoin – the counterclaim defendants from filing further lawsuits in this district and elsewhere without first obtaining leave of court.  Since McNeil, Ellis, and Crumpacker have all answered the counterclaim, and may oppose this motion, they have been afforded notice and an opportunity to be heard.  *Smith v. Scalia*, 44 F. Supp. 3d 28, 46 (D.D.C. 2014) (opportunity to address issue in briefing satisfies notice/opportunity to be heard requirement).  Accordingly, the United States need only present an adequate factual record showing that counterclaim defendants' actions are frivolous and harassing.  On that point, the record is clear: plaintiffs are engaged in a coordinated campaign to flood the courts with wholly duplicative and meritless litigation.  Finally, the requested injunction is warranted in order to prevent the filing of further duplicative, frivolous suits that harass federal officials and interfere with the court's ability to execute its functions under Article III.  The requested injunctive relief, merely a requirement that counterclaim defendants first request and obtain leave of court to file any additional action, is a reasonable restriction that appropriately balances the counterclaim defendants' right of access to the courts to bring bona fide lawsuits, against the burden on the courts in adjudicating their frivolous lawsuits.

A.      **Unless Enjoined, the Counterclaim Defendants Will Continue to File Frivolous Lawsuits that Harass and Annoy Federal Judges and Federal Employees**

There can be no doubt from the public record that the both the number and the content of the counterclaim defendants' numerous actions, as well as the filings within those actions, are sufficiently frivolous and harassing to support an injunction requiring them to request leave of court before filing additional actions.

In assessing whether the record supports a pre-filing injunction, "both the number and content of the [party's] filings bear on a determination of frivolousness or harassment." *In re Powell*, 851 F.2d at 434.  Ellis, McNeil, and Crumpacker have filed a total of seven duplicative actions in this District in which they are plaintiffs.  *Supra* at pp. 7-8.  Ellis has been (or is) a plaintiff in six of those actions (four of which were dismissed, two of which are pending), McNeil is a plaintiff in three, and Crumpacker is the plaintiff in this action.  *Id.*  Ellis and McNeil openly admit, if not tout, that they have also prepared the pleadings for six more actions in which they are not parties (five of which have been dismissed, one of which is pending in the Eastern District of California).  *Supra* at pp. 6-7.  All of these actions request the same injunctive relief, and every court that has considered the availability of that relief has held that it is barred by the Anti-Injunction Act.  There is nothing in the more asserted in Ellis and McNeil's more recent lawsuits (*Ellis v. Berman Jackson, et al.*, *Stanley v. Lynch, et al.*) that compels a different conclusion.

The sheer volume of duplicative, meritless actions that the counterclaim defendants have filed warrants injunctive relief.  Most similar to the case at bar is *Davis v. United States*, in which two *pro se* plaintiffs filed repeated challenges to the constitutionality of sections of the Internal Revenue Code.  *Davis*, 569 F. Supp. 91, 98-99 (D.D.C. 2008).  As in this case, the court dismissed their action as barred by the Anti-Injunction Act.  *Id.* at 95.  The Court held that a pre-filing injunction was appropriate because the plaintiffs had "repeatedly filed complaints with the same or substantially similar allegations" and such "repetitive presentation of essentially identical claims wastes limited judicial resources."  *Id.* at 99.  Similarly, in *Anderson*, the Court enjoined a litigant who filed 31 *pro se* cases in the District of DC.  881 F. Supp. at 667.  The Court supported its conclusion by finding that the plaintiffs' actions merely "recycl[ed] and

repackag[ed] claims." 881 F. Supp. at 667.  And in *Caldwell*, the Court noted that all of the five

suits filed by the plaintiff had "the same goals: namely to address the 'unsettled matter

concerning the plaintiff's 2005 tax refund." 6 F. Supp. 3d at 50.

In addition to be being wholly duplicative, the counterclaim defendants' lawsuits are also

harassing.  They have used their multiplicity of lawsuits to target the attorneys who have

defended prior suits, federal executive officials and, more recently, judicial officers in this

district.  The court in *Anderson* found that the very same conduct was sufficiently harassing to

warrant an injunction, noting that it was:

> abundantly clear that anyone who has had any contact with
> plaintiff's legal matters is a likely candidate to become a defendant
> in a subsequent suit. Plaintiff has sued at one time or another
> nearly every actor in the criminal justice system, usually raising
> unsupported allegations of some conspiracy to deprive him of his
> rights. Among those who have come under attack by plaintiff are:
> several District Courts; Judges in the Superior Court and Federal
> District Court; the Administrative Office; virtually every lawyer
> who has been appointed to represent plaintiff in connection with
> his criminal case and subsequent convictions and appeals; the U.S.
> Attorneys' Office and several Assistant U.S. Attorneys; clerks at
> the United States Supreme Court, the United States Court of
> Appeals for the District of Columbia, and the District of Columbia
> Court of Appeals; a court reporter; a courtroom deputy; the D.C.
> Public Defender Service; and D.C. Bar counsel. Several of the
> above-noted defendants have been sued by plaintiff on numerous
> occasions; Assistant U.S. Attorney Jerry Massie, for example, has
> been sued on three occasions for his involvement in plaintiff's trial
> in Superior Court, and plaintiff's appointed trial and appellate
> counsel have each been sued by plaintiff multiple times.

*Anderson*, 881 F. Supp. at 667.

Likewise, the Court in *Caldwell* entered an injunction against future court filings based

upon both the volume of the litigants' filings and the fact that each successive action included an

attorney or judicial officer involved in the prior action.  *Caldwell*, like this case, involved a pro

se litigant who was challenging a federal tax liability (albeit in the United States Tax Court).  6

F. Supp. 3d at 37.  After unsuccessfully seeking a tax refund in the Tax Court, the plaintiff responded by bring suit against the Tax Court, its presiding judge, the IRS Commissioner, and two IRS employees, asserting purported claims for "larceny" and violations of the Fifth Amendment.  *Id.* at 37-38.  After the Court dismissed that action, and the D.C. Circuit affirmed, she brought yet another action, this time against the Attorney General, the Solicitor General, and the D.C. Circuit panel.  *Id.* at 38.  That too was dismissed and the dismissal was affirmed.  *Id.* The Court considering the fifth complaint held that the litigant's conduct was sufficiently harassing, at least in part because "after each dismissal, the plaintiff has added to his growing 'laundry list' of defendants each successive judge with a role in adjudicating the case, including the presiding trial judge and reviewing panel of the Court of Appeals."  *Id.* at 50; *see also id.* (noting "At this pace, it will not be long before each Judge of this Court and the Circuit Court of Appeals has an opportunity to be named as a defendant by this plaintiff.").

Finally, the counterclaim defendants have, within these duplicative cases, inundated the courts, the IRS, and the United States with a welter of frivolous (and voluminous) motions and pleadings.  In this case alone, McNeil and Ellis and Crumpacker served, but apparently never filed, an "answer and cross-counterclaim" to the United States' counterclaim, as well as a "motion to certify a class."  They have also filed:

- a motion for summary judgment, and a revised motion for summary judgment on a purported "cross-counterclaim," that they had not yet filed (Dkt. Nos. 10, 12);

- a motion for recusal (Dkt. No. 17);

- an attempted interlocutory appeal challenging the Court's denial of the motion for recusal (Dkt. No. 21);

- a petition under Rule 23(f) of the Federal Rules of Civil Procedure;

- a motion to stay proceedings pending the resolution of the appeal and mandamus petition (Dkt. No. 22);

- a rule 60 motion to vacate the court's dismissal of this action that asserts no proper grounds for doing so (Dkt. No. 26); and

- a "supplemental" Rule 59(e) motion.[5]

None these pleadings, motions, petitions, or appeals has any colorable merit.  The motion to certify a class and the motions for summary judgment failed as a matter of law because plaintiffs *cannot* represent a class and no class certification is appropriate where there is no subject matter jurisdiction over the claims asserted.[6]  The petition and appeal to the D.C. Circuit were denied.  *Crumpacker*, U.S.C.A. No. 16-8002 (Doc. No. 165267).  The motion for recusal and opposition to the United States' motion to dismiss were denied, and the underlying action was (like its predecessors) dismissed.  The post-judgment motion was denied.  The counterclaim defendants therefore accomplished little in this or any of the previous actions besides burdening the United States with the task of responding to meritless court papers, and burdening the court with the task of ruling on meritless court papers.

---

[5] The United States has received a service copy of this motion, which has not yet appeared on the court's docket.

[6] McNeil, Ellis, and the other plaintiffs acting at their direction in the cases filed in this district typically move for class certification.  These filings are facially frivolous for three reasons.  First, none of the complaints are pleaded as class actions.  Second, even if they were, a court may not certify a class before first finding that it has subject matter jurisdiction over the asserted claims. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 89, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any case.").  Third, as this Court has held, *pro se* parties may not represent a class in federal district court.  *Walsh v. Bank of Am., NA*, 113 F. Supp. 3d 108, 114 (D.D.C. 2015).

**B.** **The Requested Injunction Is the Appropriate Remedy to Address the Counterclaim Defendants' Vexatious Litigation**

In "fashioning a remedy to stem the flow of frivolous actions, a court must take great care not to 'unduly impair a litigant's constitutional right of access to the courts." *Urban v. United Nations*, 768 F.2d 1497, 1500 (D.C. Cir. 1985).  However, where a litigant files multiple frivolous or harassing actions, the imposition of reasonable restrictions on access to the courts is appropriate.

The injunctive relief sought in this case strikes the appropriate balance between the counterclaim defendants' first amendment rights and the burdens placed on the IRS and the courts in defending and adjudicating their duplicative, well-settled claims.  The United States has not requested that counterclaim defendants be enjoined from filing any lawsuits at all.  Rather, the United States has requested only that counterclaim defendants, and those acting at their direction or with their assistance: 1) first obtain leave of court before being allowed to file a complaint; and 2) post the court's injunction on the website that they use to recruit new plaintiffs for their duplicative suits, so that those individuals are placed on notice that their suits are unlikely to succeed and will potentially subject them to the injunction.  Specifically, as set forth in the proposed injunction submitted herewith, the United States proposes that the counterclaim defendants be required, before filing a complaint, to file an "Application Pursuant to Court Order Seeking Leave to File," that (1) certifies that the claim(s) presented are new claims never before raised and disposed of on the merits or on jurisdictional grounds by any court; (2) describes the allegations of the complaint; and (3) certifies under penalty of contempt that the allegations of the complaint are true.

The requested injunction tracks the injunction entered by the Court in *Davis*.  569 F. Supp. 2d at 99.  A nearly identical injunction was approved by the D.C. Circuit in *Urban*.  In

*Urban*, the D.C. Circuit held that the pre-filing procedure of applying for leave of court and certifying that the proposed complaint raised new claims that had not been adjudicated "satisfie[d] all relevant constitutional and statutory concerns" regarding access to the courts because it "in no way interferes with bona fide lawsuits; it merely requires that [plaintiff's] *pro se* complaints, accorded a traditionally liberal reading, raise at least a colorable claim."  768 F.2d at 1500.

## II.    THE UNITED STATES IS ENTITLED TO INJUNCTIVE RELIEF UNDER SECTION 7402 TO PREVENT THE COUNTERCLAIM DEFENDANTS FROM INTERFERING WITH THE ENFORCEMENT OF THE INTERNAL REVENUE LAWS

Just as the Court has the authority to enter an injunction barring the filing of further frivolous suits that impair its ability to discharge its functions, the Court also has the authority to issue an injunction under 26 U.S.C. § 7402 to enjoin conduct that interferes with the enforcement of the internal revenue laws.  This provides an additional, independent legal basis for the requested injunction.

There is broad authority for the requested relief.  Section 7402 grants the district courts the authority to issue "writs and orders of injunction . . . and such other orders and processes, and to render such judgment and decreases as may be necessary or appropriate for the enforcement of the internal revenue laws."  An injunction under section 7402 can be issued "in addition to and not exclusive of" any other remedies the United States may have to enforce the tax laws.  26 U.S.C. §  7402(a).  Section 7402 manifests the "congressional intention to provide the district courts with a full arsenal of powers to compel compliance with the internal revenue laws."

*Brody v. United States*, 243 F.2d 378, 384 (1st Cir. 1957).  The United States need not show the traditional elements of injunctive relief in order to obtain an injunction under Section 7402.[7]

The facts in the public record show that plaintiffs' suit interferes with – and are, indeed, *designed* to interfere with – tax administration.  The central allegation of each of the counterclaim defendants' actions is that the IRS may not create returns from information available to it in order to assess tax liabilities against non-filers like them.[8]  None of them actually deny that they have, for the tax years referenced in each complaint, failed to file returns or pay taxes.  Instead, they argue that they are not required to do so.  In other words, they are non-filers against whom the Service has taken (or will take) actions to collect unpaid taxes, and they seek to have the entire program declared unconstitutional so as to avoid collection.  This attempt to interfere with collection is precisely why their actions run afoul of the Anti-Injunction Act.

Equally as important, the counterclaim defendants also seek to interfere with the IRS's attorneys and officials' ability to execute their tax administration duties.  Specifically, each successive lawsuit has attempted to enjoin DOJ attorneys from using public-facing certifications of cross-defendants' tax liabilities in court (Crumpacker Compl. [Dkt. No. 1] ¶ 59(4)), and to order the named individual DOJ attorneys to "cease all efforts to conceal" the alleged

---

[7] The Eleventh Circuit is the only Court of Appeal that requires the United States to satisfy the traditional elements for injunctive relief (i.e., irreparable injury, likelihood of success on the merits, etc.) before such equitable relief will be granted under section 7402.  *United States v. Ernst & Whinney*, 735 F.2d 1296, 1301 (11th Cir. 1984)

[8] As set forth more fully in the United States' motions to dismiss in this case, *Dwaileebe*, *DePolo*, and *McNeil*, the counterclaim defendants' theories as to why the IRS may not do this are nonsensical.  *See, e.g.*, Motion to Dismiss (*Crumpacker v. Ciraolo*) [Dkt. No. 14-1 at pp. 14-16; Motion to Dismiss (*McNeil v. Ciraolo*) [Dkt. No. 4-1 at pp. 8-9].

"falsification program" (*id.* ¶ 62) – *i.e.*, to enjoin individual DOJ attorneys from defending against counterclaim defendants' lawsuits. *Id.* ¶ 15 (DOJ attorneys "conceal, protect and prolong the underlying scheme by filing false and misleading documents in ongoing civil cases filed by victims in Plaintiff's class seeking to terminate it.").

Numerous courts have held that frivolous filings designed to harass or interfere with IRS official functions may be enjoined under Section 7402(a). *See, e.g., Untied States v. Ekblad*, 732 F.2d 562, 563-564 (7th Cir. 1984) (affirming issuance of injunction against taxpayer who filed "common-law lien" against officers of the United States); *United States v. McGugan*, 600 F. Supp. 2d 608, 611 (D.N.J. 2009) (noting "[c]ourts have used Section 7402(a) on numerous occasions to grant the exact relief sought here, *i.e.*, to enjoin taxpayers form filing frivolous and unsupported documents against IRS employees acting in accordance with their official duties"). *See also id.* at 611 n.3 (collecting cases)*, and United States v. Baker*, 19 F. Supp. 2d 1380, 1383 (S.D. Ga. 1998) ("It is by now established beyond dispute that the United States may request the assistance of Article III courts to protect its officials from attempts at harassment").

**Conclusion**

For the foregoing reasons, the United States respectfully requests that the Court enter an injunction barring the counterclaim defendants from filing further actions in federal district court without prior leave of court.

Dated February 28, 2017

CHANNING D. PHILLIPS
United States Attorney

DAVID A. HUBERT
Acting Assistant Attorney General

*/s/ Ryan O. McMonagle*
RYAN O. MCMONAGLE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Telephone: (202) 307-1355
Fax: (202) 514-6866
Email: Ryan.McMonagle@usdoj.gov