# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARK CRUMPACKER,**<br><br>Plaintiff,<br><br>v.<br><br>**CAROLINE CIRAOLO-KLEPPER, et al.,**<br><br>Defendants.<br><br>**UNITED STATES OF AMERICA**<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>**MARK CRUMPACKER, et al.,**<br><br>Counterclaim Defendants | Case No. 1:16-cv-01053 (CRC) |

## MEMORANDUM OPINION

Robert McNeil fashions himself a "21st Century American Revolutionary." The target of his revolt is the federal income tax. And his tactics focus on litigation against the Internal Revenue Service, specifically its efforts to collect taxes from him and other individuals who, for whatever their reasons, feel relieved of their duties as citizens to file federal income tax returns. In the past three years, McNeil and a compatriot, Michael Ellis, have been responsible for the filing of at least 13 duplicative lawsuits in this district. They have filed six of these suits themselves. The other seven, including this one, were filed by individuals who McNeil acknowledges recruiting through his website. But while these separate suits were ostensibly brought by new plaintiffs, McNeil openly admits to preparing the complaints and various court filings in these cases themselves. All of these suits allege that the IRS is engaged in a criminal scheme to falsify records associated with non-filers or to misrepresent the process by which the

IRS assesses their tax liability. Every case has either been dismissed under the Anti-Injunction Act, 26 U.S.C. § 7421(a), which bars suits that have the effect of interfering with the collection of taxes, or is still pending. The D.C. Circuit has affirmed every dismissal that has been appealed. McNeil and Ellis nevertheless boast that more suits are on the way. The United States, seeking to stem the tide of vexatious litigation, has filed a counterclaim in this case seeking a nationwide injunction barring McNeil and Ellis from filing additional suits on this subject matter without prior leave of court, and requiring them to post a copy of the injunction on their website. For the reasons that follow, the Court will enter the requested injunction.[1]

**I.      Background**

When a person is required to file a federal tax return but fails to do so, the Internal Revenue Service must prepare a tax return on that person's behalf. See 26 U.S.C. § 6020. The IRS uses this "substitute for return" ("SFR") to calculate and eventually collect the amount owed. Contending that this process amounts to a massive criminal conspiracy, Robert McNeil and Mark Ellis have brought at least six suits, with only minor variations, in this district over the past three years against the IRS and various federal officials. See Stanley, et al., v. Lynch, et al., 17-cv-22 (D.D.C. Jan. 4, 2017); Ellis, et al. v. Jackson, et al., 16-cv-2313 (D.D.C. Nov. 18, 2016); Ellis v. Langer, et al., 16-cv-729 (D.D.C. Apr. 15, 2016); Ellis v. Jarvis, et al., 16-cv-31 (D.D.C. Jan. 6, 2016); McNeil v. Comm'r, et al., 15-cv-1288 (D.D.C. Aug. 7, 2015); Ellis v. Comm'r, et al., 14-cv-471 (D.D.C. Mar. 19, 2014).

McNeil also maintains a website, to which Ellis frequently contributes, where he encourages other potential plaintiffs to file virtually identical suits. The Government has

---

[1] The Government also requests that the Court enjoin the named Plaintiff in this case, Mark Crumpacker. Because Mr. Crumpacker has only participated in this one suit, the Court declines to do so.

attached screenshots of the website as exhibits to its Motion for a Permanent Injunction. See Gov't.'s Mot. Permanent Injunction ("MPI"), Exs. A–F. McNeil offers to help would-be plaintiffs by preparing complaints and other court filings on their behalf. See id., Ex. C, at 2–3. In total, McNeil asserts that "we have . . . assisted in the filing of" seven other lawsuits in this district. Id., Ex. A; see also DeOrio v. Ciraolo-Klepper, 16-cv-2089 (D.D.C. Oct. 17, 2016); Podgorny v. McMonagle, 16-cv-1768 (D.D.C. Aug. 30, 2016); McGarvin v. McMonagle, 16-cv-1458 (D.D.C. July 14, 2016); Morris v. McMonagle, 16-cv-1384 (D.D.C. June 27, 2016); Crumpacker v. Ciraolo-Klepper, et al., 16-cv-1053 (D.D.C. June 6, 2016). Dwaileebe v. Martineau, 16-cv-420 (D.D.C. Feb. 2, 2016); DePolo v. Ciraolo-Klepper, et al., 15-cv-2039 (D.D.C. Nov. 18, 2015). This Court consolidated six of these suits, including the instant case, on October 21, 2016. See Consolidation & Case Mgmt. Order, 16-cv-1053 (D.D.C. Oct. 21, 2016) (consolidating DeOrio, Podgorny, McGarvin, Morris, Crumpacker, and Dwaileebe). Two months later, it dismissed all six cases under the Anti-Injunction Act. See Op. & Order, 16-cv-1053 (D.D.C. Dec. 31, 2016).

The Court now turns to the Government's counterclaim in this case, which seeks a permanent injunction against McNeil and Ellis. Specifically, the Government requests that the Court permanently enjoin them from filing, without prior leave of court, any civil action in any United States District Court that challenges either the IRS's actions with respect to determining income tax liability under 26 U.S.C. § 6020, or the Department of Justice's efforts to defend these actions. See Proposed Order of Permanent Injunction, 16-cv-1053 (D.D.C. Feb. 28, 2017).

**II.    Discussion**

Like all Americans, McNeil and Ellis have a constitutional right to access the courts. Yet that right "is neither absolute nor unconditional." In re Yelverton, 526 B.R. 429, 431 (D.D.C.

3

2014) (citing In re Green, 669 F.2d 779, 785 (D.C. Cir. 1981)). Federal courts "have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." Anderson v. D.C. Pubn Defender Serv., 881 F. Supp. 663, 666 (D.D.C. 1995) (internal quotation marks omitted). This includes the authority to issue pre-filing injunctions against litigants who "continue[] to abuse the judicial process by filing frivolous, duplicative, and harassing lawsuits." Caldwell v. Obama, 6 F. Supp. 3d 31, 49–50 (D.D.C. 2013) (citing Urban v. United Nations, 768 F.2d 1497, 1500 (D.C. Cir. 1985)). Before a court can issue such an injunction, (1) the affected litigant must be provided with "notice and an opportunity to be heard," or the chance to "oppose the entry of an order restricting him before it is entered"; (2) the court must create an "adequate record for review"; and (3) the court must "make substantive findings as to the frivolous or harassing nature of the litigant's actions." Gharb v. Mitsubishi Elec. Co., 148 F. Supp. 3d 44, 56 (D.D.C. 2015) (quoting In re Powell, 851 F.2d 427, 434 (D.C. Cir. 1988)).

Regarding the first step, the requirement of notice and an opportunity to be heard can be satisfied without a hearing in court, so long as the affected litigants have an opportunity to contest the injunction in briefing. See Smith v. Scalia, 44 F. Supp. 3d 28, 46 (D.D.C. 2014); Slate v. Am. Broad. Cos., Inc., 12 F. Supp. 3d 30, 43 n. 7 (D.D.C. 2013); Sparrow v. Reynolds, 646 F. Supp. 834, 840 (D.D.C. 1986) (holding that a plaintiff who was "usually so zealous in asserting his rights," but who had not "asked for a hearing at which to contest the propriety" of the injunction had "waived any due process objections he might have raised to defendants' motion"). McNeil and Ellis filed both an answer to the counterclaim and an opposition to the Government's subsequent Motion for a Permanent Injunction. In neither filing did they request a hearing. Accordingly, the Court finds that the Counterclaim Defendants have been provided

4

with notice and an opportunity to be heard.

With respect to the second and third steps, "[t]o create a record for review and make findings 'as to any pattern constituting harassment' or frivolousness, courts should consider the number and content of the filings, the similarity of the filings to previous actions, and 'whether the litigant is attempting to harass a particular adversary.'" Gharb, 148 F. Supp. 3d at 56 (citing Powell, 851 F.2d at 431). By their own admission, McNeil and Ellis are directly or indirectly responsible for bringing more than a dozen duplicative suits in this district. See MPI, Ex. A ("To date, we have filed, or assisted in the filing of, thirteen cases in the U.S. District Court for the District of Columbia."); see also supra Part I (providing specific case names and numbers). As a fellow member of this Court noted in dismissing one of these suits, the complaints all share "the same distinctive format and font" and challenge the IRS's preparation of SFRs for non-filers. Ellis v. Jarvis, 2016 WL 3072244, at *2 (D.D.C. May 31, 2016). These complaints also explicitly reference earlier cases brought by—or with the assistance of—McNeil and Ellis, and purport to be part of a class-wide effort against the IRS. See, e.g., Compl., Crumpacker v. Ciraolo-Klepper, et al., 16-cv-1053 ¶¶ 1–4.

Moreover, McNeil has boasted on his website that more suits are forthcoming:

Michael Ellis and I appeared as guests on [a talk radio program]. During the 90 minute interview, we discussed the purpose of the [then] eleven lawsuits that have been filed in U.S. District Court for the District of Columbia. Their purpose is to enjoin the IRS from falsifying its internal and public-facing records concerning so-called non-filers . . . . We also discussed the extraordinary actions that the Department of Justice attorneys, and now the District judges, have taken to attempt to summarily dismiss those cases. Their actions are proscribed as crimes . . . . *Subsequent filings will be necessary.*

MPI, Ex. D (emphasis added). Thus far, he has stayed true to his word. On November 18, 2016, McNeil and Ellis filed suit against three federal judges (including this Court) and various IRS attorneys and officials, asserting that the judges unlawfully refused to rule in their favor, and that

5

the IRS continues to unlawfully prepare, falsify, and misrepresent the preparation of SFRs for non-filers. See Compl., Ellis, et al. v. Jackson, et al., 16-cv-2313, at ¶¶ 85–98. (D.D.C. Nov. 18, 2016). They filed suit again on January 4, 2017, once more challenging the IRS's preparation or alleged falsification of SFRs, and further contending that the number of potential plaintiffs is "uncountable" and that "many more will join" the lawsuit. See Compl., Stanley, et al. v. Lynch, et al., 17-cv-22, at ¶¶ 36–37 (D.D.C. Jan. 4, 2017). The following week, McNeil stated on his website that there are at least two more "[c]ases in the queue." MPI, Ex. A, at 2. Because "this repetitive presentation of essentially identical claims wastes limited judicial resources," the Court finds that a pre-filing injunction is appropriate. Davis v. United States, 569 F. Supp. 2d 91, 99 (D.D.C. 2008) (imposing a pre-filing injunction against plaintiffs who filed "four[] essentially identical suit[s]" against the IRS over five years); see also Caldwell, 6 F. Supp. 3d at 51–53 (entering a pre-filing injunction against the plaintiff after he filed at least five "meritless" and "harassing" suits over a period of about four years); Kaufman v. IRS, 787 F. Supp. 2d 27, 36–37 (D.D.C. 2011) (suspending plaintiffs' access to the court's electronic filing system after they "filed at least 15 *pro se* suits in federal district and bankruptcy courts over the last ten years, almost all of which have been dismissed").

The harassing nature of these duplicative suits provides another basis for enjoining McNeil and Ellis. A plaintiff's "repetitive filings of meritless claims against federal officials, federal judges and private parties, compounded by the cycle of adding on as new defendants each federal judge who has made a decision against the plaintiff, rises to the level of harassing and vexatiousness to warrant a pre-filing injunction." Caldwell, 6 F. Supp. 3d at 51; see also Anderson, 881 F. Supp. at 667 (entering a pre-filing injunction against a plaintiff who brought "the same claims against the same defendants"). McNeil and Ellis have sued DOJ Attorney

Ryan McMonagle, IRS officials Caroline Ciraolo-Klepper and Michael Martineau, and even the Clerk of the U.S. Court of Appeals for the D.C. Circuit, Mark Langer, in their personal capacities. They have also filed suit against federal judges who have ruled against them. See Compl., Ellis, et al. v. Jackson, et al., 16-cv-2313 (D.D.C. Nov. 18, 2016); MPI, Ex. B, at 1 ("We are keeping the pressure on the Judges to do the right thing, which is to invoke their equity jurisdiction, hear these cases on the merits, and enjoin the fraud . . . Federal judges are acting in collusion to keep the fraud alive."). The Court is mindful that pre-filing injunctions should "remain very much the exception to the general rule of free access to the courts." Powell, 851 F.2d at 431. In this case, however, the Court is well satisfied that it has before it an adequate record to determine the propriety of a pre-filing injunction, and that such an exceptional measure is warranted.

## III. Conclusion

For the foregoing reasons, the Court finds that McNeil and Ellis's repeated filings of meritless complaints in this district is vexatious, harassing, and "imposes an unwarranted burden on the orderly and expeditious administration of justice." Caldwell, 6 F. Spp. 3d at 52 (quoting Urban, 768 F. 2d at 1500). Accordingly, while the Court declines to enjoin named plaintiff Mark Crumpacker, it will grant the Government's motion for a nationwide pre-filing injunction against Robert McNeil and Mark Ellis. A separate Order of Permanent Injunction accompanies this Memorandum Opinion.

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　CHRISTOPHER R. COOPER
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

Date: